## MAYS, administratrix, *v.* MAYS.

There are no exceptions to rulings made pending the trial, nor excep-
tions to any portion of the court's charge; and there being sufficient
evidence to support the finding of the jury, the judgment of the court
below refusing a new trial is affirmed.

No. 4435. FEBRUARY 18, 1925.

Equitable petition. Before Judge Persons. Butts superior
court. May 23, 1924.

*W. E. Watkins, J. T. Moore, Reagan & Reagan,* and *Horace &
Frank Holden,* for plaintiff.

*R. R. Arnold, H. M. Fletcher,* and *C. L. Redman,* for defendant.

BECK, P. J. Mrs. R. W. Mays, as administratrix of the estate
of R. W. Mays, brought suit in the superior court of Butts County
against John Billy Mays, to cancel two certain deeds conveying real
estate, one of which was dated July 18, 1911, and the other dated
September 27, 1911. Copies of the deeds were attached to the
petition. There were two counts in the petition. The first sought
to have both instruments set aside on the ground that they were
forgeries; the second count was stricken on demurrer. The prayer
was that both deeds be set aside, and that the defendant be enjoined
and restrained from encumbering or in any way disposing of the
property. An amendment to the petition was filed, wherein it was
alleged that R. W. Mays, whose name was signed to the two deeds,
did not actually sign either of them; but that if he did sign his
name to the last page of the deed dated July 18, 1911, the three
pages immediately preceding the last page were inserted without
the knowledge of R. W. Mays, the grantor named in the deed, after
his signature was affixed. On the first trial of the case a verdict
was rendered for the defendant; and a new trial being refused by
the court below, the matter was brought by writ of error to the
Supreme Court, and the judgment refusing a new trial was reversed.
The case was tried again, and a second verdict in favor of the de-
fendant was rendered by the jury trying the case. A motion for
new trial was made by the plaintiff, and to a judgment refusing
a new trial the plaintiff excepted, again bringing the case by writ
of error to this court for review. The ground of exception is
that the verdict is contrary to evidence and without evidence to sup-
port it.

In the original petition it is alleged that R. W. Mays did not

sign either of the two deeds referred to above, or authorize any one to sign it for him. In part, the defendant answered that the deed of date July 18, 1911, was typewritten by him at the request and under the dictation of his father, R. W. Mays; that the latter was a lawyer, although of late years he did not practice very much, and had no office, but kept a typewriter and paper at his home; that the defendant was inexperienced and slow in the use of a typewriter; that the deed was dictated to the defendant by his father, R. W. Mays, and he typed it as it was dictated; that after the deed was completed, defendant fastened the pages together and handed the same to his father, who took it, and after the lapse of some days delivered the same to the defendant, executed; and that defendant was not present at the time the deed was executed by Dr. Mays. In his answer the defendant further alleged the reasons for his not filing the instruments for record until after the death of the grantor. He further alleged that the deed of September 27, 1911, was not written by defendant, but was on a blank for deeds, and, after the execution, was delivered to the defendant by R. W. Mays; that the deeds were kept in defendant's possession and had not been altered or changed in any particular; that their physical condition and shape were the same as when delivered to him by his father. In the petition numerous facts and circumstances are alleged which it is contended show the improbability that R. W. Mays would have executed the deeds in question. The answer was filed on April 26, 1919. Subsequently to the filing of this answer, the plaintiff amended her petition, some of the allegations in her amendment being set forth above. The jury returned a verdict in favor of the defendant. The plaintiff made a motion for new trial, which was overruled.

In the argument before this court it was strongly urged that the verdict in favor of the defendant was unauthorized by the evidence. It is unnecessary to set out the substance of the argument or of the evidence which was reviewed in that argument. It is not out of place, however, to say that the plaintiff lays stress upon the fact that the defendant, in the beginning of his general answer, alleged that "the deed of date July 18, 1911, was typewritten by him at the request and under the dictation of his father, R. W. Mays;" that further on in the answer it is alleged that the latter executed it and delivered it to the defendant in the condition in which it now

is. It is insisted that "The undisputed testimony shows that the first and last pages were written on the typewriter of Dr. Mays, and that the three pages above referred to could not have possibly been written on said typewriter. The' undisputed testimony and the photographic copy of the deed show that the deed of July 18, 1911, has five _typewritten pages, fastened with staples [of a described make]; that the ink on pages one and five has a much older appearance than on pages two, three, and four; because of exposure to light, this is more decided on page 1 than on page 5. . . The first page and page 5 are in different shades of ink from pages 2, 3, and 4," with certain exceptions. Counsel for the plaintiff insists further, going into the details of the difference in the writing on pages 2, 3, and 4 from that appearing on pages 1 and 5, that it is physically impossible for the instrument to have been written and executed in the manner, at the time, and under the circumstances set forth and described in the defendant's answer; and counsel further sets out in detail facts which he claims support his contention. Enlarged photographic copies of the writings are in the record, and were submitted for consideration. Defendant both in his pleadings and in his evidence denied the alleged changes, alterations, and insertions in the written instruments referred to above; and evidence was introduced tending to sustain the defendant's contentions, and to throw light upon the question of the probability or improbability of the grantor's having executed the two deeds attacked. When all of the evidence is considered, it becomes manifest that the issue made by the pleadings was a question for the jury to decide in the light of the evidence submitted for their consideration. Even if there is an inconsistency in the position taken by the defendant at one stage of the case with the position taken at another stage, it was for the jury to say whether the apparent inconsistency had been explained; and under no view of the case was the defendant estopped from asserting his true defense, even if the position taken by him on the trial was not entirely consistent with that taken at a prior stage of the suit. We say this without passing upon the question as to whether or not there were inconsistencies in the positions taken by the defendant at different stages of the litigation.

There are no exceptions to rulings made pending the trial, the only question presented by the record being whether the evidence

authorized the verdict; and as we find sufficient evidence to support the verdict, the judgment of the court below denying a new trial must be affirmed. *Judgment affirmed. All the Justices concur.*